IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                             CRIMINAL ACTION NO. 1:12-cr-00115-01

JERRY POORE,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

On November 2, 2014, the United States Sentencing Guidelines were amended to reduce the guidelines in Section 2D1.1 by two levels for most drug offenses. (U.S.S.G. Amendment 782, Appx. C). Section 1B1.10 gives retroactive effect to these reductions and sets an effective date of November 1, 2015, for retroactively reduced sentences. On December 10, 2015, the Court entered an *Order* (Document 81), appointing the Federal Public Defender to represent the Defendant and directing the parties to respond with their positions respecting application of Amendment 782 to the Defendant's case.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and the addendum to the PSR from the Probation Officer. In addition, the Court has reviewed the responses from the United States (Document 82) and the Defendant (Document 85), submitted pursuant to the Court's *Order* (Document 81), as well as a letter from the Defendant's mother. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

The Defendant pled guilty to conspiracy to distribute quantities of oxycodone and oxymorphone, in violation of 21 U.S.C. § 846, on July 9, 2012. The PSR attributed between 400 and 700 kilograms of marijuana equivalency to the Defendant, which then corresponded to a base offense level of twenty-eight (28). He received a three-level reduction for acceptance of responsibility, resulting in a total offense level of twenty-five (25). The Defendant had eleven criminal history points, resulting in a criminal history category of V. His original guideline range was 100 to 125 months. The Defendant's plea agreement contained a provision pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, agreeing that a sentencing range of 70 to 105 months would be appropriate. On November 1, 2012, the Court imposed a sentence of 105 months of incarceration.

Under the amended United State Sentencing Guidelines, the Defendant's total offense level is twenty-three (23), for a custody range of 84 to 105 months. He is, therefore, eligible for a sentencing reduction.

During his term of incarceration, the Defendant has completed the Inmate Financial Responsibility Program and a drug education program. He has received sanctions for use of Buprenorphine, use of drugs or alcohol, and assault on another inmate.

The United States does not object to the amended guideline calculations, but argues that the drug quantities involved in the offense and the Defendant's post-conviction conduct weighs against a reduction. The Defendant argues that his disciplinary sanctions were resolved administratively and should not preclude him from receiving a reduction, and urges the Court to reduce his sentence to 84 months, the bottom of the amended guideline range. He notes that his sentence was near the bottom of the then-applicable Guideline range.[1]

---

[1] Although the Defendant's sentence was near the bottom of the then-applicable Guideline range, the Court notes that it was the maximum sentence under the parties' plea agreement.

Having considered the Defendant's original and amended guideline ranges, the original sentencing materials, the previous motions for substantial assistance, the addendum to the PSR, and the parties' responses, the Court **ORDERS** that the Defendant's base offense level be reduced by two levels, to 26.   After consideration of a three-level decrease for acceptance of responsibility, the Defendant's new total offense level is **twenty-three (23)**.   Given his criminal history category of **V**, a revised guideline imprisonment range of **84 to 105 months** is established.   Given the drug quantities involved in the offense, as well as the Defendant's continued use of controlled substances while incarcerated, the Court **ORDERS** that the Defendant's sentence **REMAIN AS ORIGINALLY IMPOSED.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:        February 5, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA